UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARIO MORROW

                                                  Case No: 8:12-cv-1341-T-24-TGW

v.                                                           8:08-cr-399-T-24-TGW

                                        Related Case No: 8:10-cv-391-T-24-TGW

UNITED STATES OF AMERICA
_____/

## ORDER

This cause comes before the Court on Petitioner Dario Morrow's successive motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (CV Doc. No.1; CR Doc. No. 135[1]). Because a review of the motion and the file in the case conclusively show that Petitioner is not entitled to relief, the Court will not hold an evidentiary hearing and will proceed to address the matter. As explained below, the motion is dismissed.

**I.**      **Background**

On December 22, 2008, Petitioner pleaded guilty, pursuant to a plea agreement, to (1) conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841 and 846, and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2. (CR Doc. No. 44, 58). In his plea agreement, Petitioner waived his right to appeal or collaterally attack his sentence on all but three specifically enumerated grounds. (CR Doc. No. 44). On March 12,

---

[1] Citations to the criminal docket are denoted as "CR Doc. No." Citations to the instant civil case docket, which contains Petitioner's successive § 2255 motion, are denoted as "CV Doc. No." Citations to the related civil case docket, which contains Petitioner's first § 2255 motion, are denoted as "R-CV Doc. No."

2009, the Court sentenced Petitioner to 120 months' imprisonment for Count One of the indictment, and an additional 60 months' imprisonment for Count Two of the indictment, to run consecutively, for a total of 180 months' imprisonment. (CR Doc. No. 96). The Court also sentenced Petitioner to 60 months' supervised release. (CR Doc. No. 96). The Court entered judgment on the same day. (CR. Doc. No. 96).

Petitioner did not file a direct appeal, but on February 8, 2010, he filed a motion to vacate, set aside, or correct an allegedly illegal sentence under § 2255. (R-CV Doc. No. 1). The Court dismissed Petitioner's motion without prejudice for failure to substantially comply with the form annexed to the Rules Governing Section 2255 motions. (R-CV Doc. No. 3). The Petitioner motioned for an extension of time to file an amended § 2255 motion, and the Court granted Petitioner until March 24, 2010 to file an amended motion. (R-CV Doc. No. 6, 7). Petitioner filed his amended § 2255 motion on March 10, 2010, claiming (1) that his counsel was ineffective for failing to appeal his sentence, and (2) that his term of supervised release violated separation of powers and was unauthorized by statute. (R-CV Doc. No. 9).

On April 29, 2010, the Court rejected Petitioner's first argument on the grounds that Petitioner waived his right to appeal or collaterally challenge his sentence under the terms of his plea agreement, and alternatively, on the grounds that Petitioner was not prejudiced by the failure to appeal because the Eleventh Circuit had already adversely decided the issue Petitioner alleged should have been appealed. (R-CV Doc. No. 11). The Court also rejected Petitioner's second argument on the grounds of waiver, and alternatively, on the grounds that supervised release does not violate separation of powers. (R-CV Doc. No. 11). Finally, the Court denied Petitioner a certificate of appealability. (R-CV Doc. No. 11).

On March 12, 2012, Petitioner filed two Rule 60(b) motions for relief from judgment. (R-CV Doc. Nos. 13, 14). In the first motion (R-CV Doc. No. 13), Petitioner argued, pursuant to Rule 60(b)(4) and (6), that the Court erred by failing to find, on its own initiative, that all of the elements of a valid and enforceable contract under state law were present in his plea agreement. The Court determined that "Petitioner's motion [was] clearly a claim on the merits for habeas relief 'couched in the language of a true Rule 60(b) motion'" and, therefore, it treated the motion as a second or successive habeas petition. (R-CV Doc. No. 15 at 3–4) (quoting Gonzalez v. Crosby, 545 U.S. 524, 531 (2005)). Because Petitioner did not show that he had moved for or obtained an order from the Eleventh Circuit Court of Appeals authorizing this Court to consider a second or successive petition, this Court dismissed Petitioner's first motion for lack of subject matter jurisdiction. (R-CV Doc. No. 15 at 4, 7). In his second motion (R-CV Doc. No. 14), Petitioner argued, pursuant to Rule 60(b)(6), that he should have been given leave to appeal the Court's denial of his amended first § 2255 motion. The Court determined that Petitioner was not entitled to relief for a number of reasons, and it denied the motion. (R-CV Doc. No. 15 at 4–7).

Now, more than three years after the Court sentenced Petitioner, he filed this successive § 2255 motion, which was submitted to prison authorities for mailing on June 8, 2012. (CV Doc. No. 1). For the following reasons, Petitioner's § 2255 motion is dismissed.

**II.     Section 2255 Motion**

Petitioner raises numerous grounds for relief in his § 2255 motion. However, as explained below, his motion must be dismissed because it is successive and untimely.

**A.     Successive Filing**

"Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), when a prisoner previously has filed a § 2255 motion, he must apply for and receive permission from [a panel of the appropriate court of appeals] before filing a successive § 2255 motion." United States v. Neder, 451 F. App'x 842, 845 (11th Cir. 2012) (per curiam) (citing 28 U.S.C. §§ 2244(a), (b)(3), 2255(h)). "Absent [the Eleventh Circuit's] permission, the district court lacks jurisdiction to address the motion, and it must be dismissed." Id. (citing United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005)). Petitioner has not shown that he has sought or obtained a certificate of appealability from the Eleventh Circuit that would allow Petitioner to file a successive § 2255 motion. Accordingly, Petitioner's § 2255 motion must be dismissed.

### B.     Untimely Filing

Petitioner's § 2255 motion must also be dismissed because it is untimely. AEDPA established a mandatory, one-year "period of limitation" for § 2255 motions, which runs from the latest of the following events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4)).

Petitioner did not appeal his conviction; therefore, his conviction became final when the time for filing an appeal expired. See <u>Akins v. United States</u>, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). At the time that Petitioner was sentenced, the time for filing a direct appeal expired ten days after the written judgment of conviction was entered on the criminal docket. Fed. R. App. P. 4(b)(1)(A)(i) and 4(b)(6).[2] Therefore, Petitioner's conviction became final in March of 2009.

Under § 2255(f)(1), Petitioner had one year from the date that his conviction became final in which to file his § 2255 motion. Petitioner, however, did not submit the instant § 2255 motion for filing until June 8, 2012. Since Petitioner filed this § 2255 motion more than three years after his conviction became final, he does not satisfy the time limit set forth in § 2255(f)(1). Accordingly, Petitioner's § 2255 motion must be dismissed as untimely.

### III. Conclusion

Accordingly, Petitioner's § 2255 motion (CV Doc. No. 1; CR Doc. No. 135) is **DISMISSED** for lack of subject matter jurisdiction, as well as for being untimely. The Clerk is directed to close the civil case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first

---

[2] The time period for filing a direct appeal set forth in Federal Rule of Appellate Procedure 4 has changed, and the new time period for a defendant to file an appeal in a criminal case is fourteen days after the later of: (1) the entry of judgment, or (2) the government's filing of a notice of appeal.

5

issue a certificate of appealability ("COA").  Id.  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,"  Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'"  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)).  Petitioner has not made the requisite showing in these circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of June, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner